UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                   Case No.: 10-12245

Alphea Hughes,                    Honorable Sean F. Cox

    Defendant.

_____/

## OPINION & ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION TO DISMISS

Plaintiff United States ("the Government") brought this breach of contract action against Defendant Alphea L. Hughes ("Hughes") to recover unpaid student loans insured by the Department of Education. Currently before the Court are the Government's Motion for Summary Judgment, brought pursuant to FED. R. CIV. P. 56(c), and Hughes' Motion to Dismiss. The Court heard oral argument on January 20, 2011. For the reasons below, the Court GRANTS the Government's motion for summary judgment and DENIES Hughes' motion to dismiss.

### BACKGROUND

The Government included a statement of facts in their motion for summary judgement. (Docket Entry No. 10). Hughes, proceeding *pro se*, did not include any facts in her response to the Government's motion.

On July 29, 1988 and May 26, 1989, Hughes secured two loans from Comerica Bank - Detroit for $7,500.00 and $3,500. *Id*. at 1. These were student loans secured by the Michigan Higher Education Assistance Authority, and insured by the Department of Education ("the Department") under 20 U.S.C. § 1087a et seq. of the Higher Education Act of 1965. *Id*. at 1-2.

On July 17, 1997, Hughes defaulted on her loans. *Id*. at 2. The Department reimbursed the grantor for the loans, and the grantor assigned the loans to the Department for collections. *Id*.

As of October 20, 2010, Hughes owed $18,602.18 on the loans. *Id*. Interest is accruing on the unpaid debt at a rate of 3.34%, and a daily rate of $0.94 per day.

The Government filed this action on June 8, 2010. Hughes filed a document titled "My Response" on July 7, 2010. (Docket Entry No. 3). This Court construed this document to be an answer to the Government's complaint.

On October 20, 2010, the Government filed the instant motion for summary judgment. On October 26, 2010, the Court received a letter from Hughes that this Court construed as a response to the Government's motion. (Docket Entry No. 11). The Government filed an amended brief to their motion (Docket Entry No. 15) and a reply brief (Docket Entry No. 17) on December 30, 2010.

On December 15, 2010, Hughes filed a motion to dismiss. (Docket Entry No. 14). The Government responded to Hughes' motion on January 4, 2011. (Docket Entry No. 17).

STANDARD OF REVIEW

Summary judgment is proper where "there is no genuine issue as to any material fact" and where the moving party is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The party seeking summary judgment has the initial burden of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

250 (1986) (quoting FED. R. CIV. P. 56(e)). In deciding a motion for summary judgment, a court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

ANALYSIS

The Government's motion for summary judgment alleges that there is no genuine issue of material fact that contracts for $11,000 in student loans were formed and subsequently breached by Hughes. (Docket Entry No. 10 at 3). In support of their motion, the Government has provided copies of the relevant loan applications and promissory notes, signed by Hughes. (Docket Entry No. 10, Ex. 1). The Government also submitted a Certificate of Indebtedness stating the amount of indebtedness and the date of default. (Docket Entry No. 10, Ex. 2). The Certificate of Indebtedness also states that the Department of Education has been unable to collect any of the amount due to the Government. *Id*.

In her answer to the complaint, Hughes asserts that she is "innocent of all claims, including the alleged $18,476.26." *Id*. at 1. Hughes also acknowledges the existence of both outstanding loans, but does not deny that she still owes a balance on the loans. Additionally, in her response to Government's motion, Hughes merely explains, "Because it has been 21 years, I have no witnesses." (Docket Entry No. 11).

Based upon the materials submitted, the Government is entitled to summary judgment in this matter. If the Government has shown evidence of a defendant's debt and default, a defendant must submit evidence showing a genuine issue for trial in order to survive summary judgment. That is, a defendant may not simply rest upon mere allegations or denials of the adverse party's pleadings. *See e.g., United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). Here, the Government has submitted evidence establishing Hughes' indebtedness and

default.  Moreover, Hughes acknowledges her indebtedness.  Hughes, however, has failed to respond to the motion with any evidence refuting the Government's contention.

Finally, in her motion to dismiss, Hughes makes a number of allegations, all of which are unsubstantiated.  She claims equal protection violations, due process violations, and contractual impossibility.  She also claims that her contract should have been discharged because it was altered and that the Government's claim is time-barred by a statute of limitations.  She provides no evidence or case-law for any of these claims, and again fails to provide any evidence to refute the Government's claims.  In fact, she again admits to securing the loans at issue and does not deny defaulting on them.  Her statute of limitations claim is also without merit, because, as the Government correctly points out, 20 U.S.C. § 1091a abolished any statute of limitations on the collection of student loans guaranteed by the United States of America.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Government's motion for summary judgment and **DENIES** Hughes' motion to dismiss.  Counsel for the Government shall submit a proposed order consistent with this Opinion & Order within ten (10) days of this Opinion & Order.

IT IS SO ORDERED.

Dated:  February 24, 2011                           S/ Sean F. Cox
                                                                     Sean F. Cox
                                                                     U. S. District Court Judge

I hereby certify that on February 24, 2011, the foregoing document was served upon counsel of

record by electronic means and upon Alphea Hughes by First Class Mail at the address below:

Alphea L. Hughes
5050 Pacific
Detroit, MI 48204

Dated: February 24, 2011                                    S/ Jennifer Hernandez
                                                                                   Case Manager